**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS M. MOORE,

     Plaintiff,

                                        Case No. 12-15102

v.                                        Hon. Lawrence P. Zatkoff

ANYTHONY WICKERSHAM, *et al*.,

     Defendants.

_____/

<u>**OPINION AND ORDER**</u>

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 20, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff submitted his *pro se* complaint [dkt 1], application to proceed *in forma pauperis* [dkt 2], and application for appointment of counsel [dkt 3] on November 19, 2012. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is DENIED, Plaintiff's application for appointment of counsel is DENIED, and Plaintiff's *pro se* complaint is DISMISSED.

## II. ANALYSIS

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person

2:12-cv-15102-LPZ-MAR   Doc # 4   Filed 12/20/12   Pg 2 of 4   Pg ID 17

who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court has reviewed Plaintiff's application and has determined that he is not entitled to proceed *in forma pauperis*. The financial information in the application does not indicate that Plaintiff is unable to pay the filing fee; therefore, the Court DENIES Plaintiff's application to proceed *in forma pauperis* [dkt 2].

### B.  Application for Appointment of Counsel

Plaintiff has also requested that the Court appoint counsel on his behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

### C. Review of Plaintiff's Complaint

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the

2

case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds Plaintiff's complaint has failed to state any claim upon which relief may be granted.

Plaintiff alleges that his civil rights were violated under 42 U.S.C. § 1983. Yet, Plaintiff's claims are vague and conclusory, and fail to adequately state violations of § 1983. Although the Court must construe the *pro se* complaint liberally and resolve ambiguities in Plaintiff's favor, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003). Accordingly, Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2012